UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-224 (NEB/TNL) |
| Plaintiff, | |
| v. | **THIRD AMENDED ARRAIGNMENT NOTICE & CASE MANAGEMENT ORDER** |
| Abdiwahab Ahmed Mohamud (3), Guhaad Hashi Said (5), and Abdullahe Nur Jesow (6), | |
| Defendants. | |

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

\*\*\*

This matter comes before the Court on Defendant Guhaad Hashi Said's Motion to Extend Time to File Pretrial Motions, ECF No. 168, and letter joining in the extension request of Defendant Abdiwahab Ahmed Mohamud, ECF No. 172; Abdiwahab Ahmed Mohamud's Third Motion for Extension of Time to Make Defense Disclosures and Pretrial Motions, ECF No. 169; and Defendant Abdullahe Nur Jesow's Motion for Extension of Time to File Pretrial Motions and Disclosures, ECF No. 171. A hearing was held on December 12, 2023. *See generally* ECF No. 185. Harry Jacobs appeared on behalf of the Government. Jason Steck appeared on behalf of Abdiwahab Ahmed Mohamud. Charles

1

F. Clippert appeared on behalf of Guhaad Hashi Said. Ryan M. Pacyga appeared on behalf of Abdullahe Nur Jesow.

This matter was previously designated complex under 18 U.S.C. § 3161(h)(7)(B)(ii). *See generally* ECF No. 69. Broadly speaking, in their motions, Defendants request that the defense-disclosure deadline and the deadline for filing pretrial motions be extended to January 15, 2024, with concomitant adjustments to the remaining deadlines. Abdiwahab Ahmed Mohamud states, among other things, that "[d]efense counsel has not yet been able to complete the process of organizing and evaluating [the Government's disclosures] sufficiently to permit subsequent identification and organization of all documents disclosable under Fed. R. Crim. P. 16(b)(1)(A)" due to the volume and complexity of the materials. ECF No. 169 at 1. Abdiwahab Ahmed Mohamud also anticipates retaining a forensic accountant to analyze "the flow of funds through Defendant's and others' bank accounts." ECF No. 169 at 2. Joining in Abdiwahab Ahmed Mohamud's motion, Abdullahe Nur Jesow states that he has been working with the Government to address his "additional requests for assistance locating certain items of discovery" and is "making a [similar] determination on expert(s)." ECF No. 171 at 1. Following the filing of his initial motion, Guhaad Hashi Said joined in Abdiwahab Ahmed Mohamud's motion. ECF No. 172 at 1.

At the hearing, the Court expressed some concern about the progression of this case, noting that it has now been pending for almost a year since the schedule was initially set in

2

November 2022.[1]  *See generally* ECF No. 108.  Abdiwahab Ahmed Mohamud explained that there are extensive bank records to be reviewed and analyzed and, while he is approaching the end of that process, it has been time-intensive.  Abdullahe Nur Jesow echoed Abdiwahab Ahmed Mohamud's comments and reiterated the need to ascertain the flow of the funds at issue.  Abdullahe Nur Jesow noted that he had requested additional discovery from the Government and the parties were working cooperatively regarding the information sought.  Abdullahe Nur Jesow also stated that he anticipated hiring a forensic accountant.  Guhaad Hashi Said similarly echoed the statements of his co-defendants, noting that review of discovery was complicated by the number of hits searches based on his client's name returned in the documents and the need to find different ways to sift through the information.  The Court asked Defendants whether a February extension might make more sense under the circumstances.  All Defendants were in agreement with a February date.  The Government took no position on the duration of the requested extension.

Bearing in mind the complexity of this case, the voluminous discovery, the absence of any objection to the requested continuance, and the record made at the hearing, the Court finds pursuant to 18 U.S.C. § 3161(h) that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial and a continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.  The

---

[1] The Court made clear that its concerns were not prompted by the one-week extension requested by Guhaad Hashi Said's counsel because counsel had been called for trial in state court.  *See generally* ECF No. 168.

Court further finds based on the record made at the hearing that an extension into February is appropriate under the circumstances and therefore denies Defendants' motions in part so as to afford them more time than initially requested.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Guhaad Hashi Said's Motion to Extend Time to File Pretrial Motions, ECF No. 168; *see* ECF No. 172, is **GRANTED IN PART** and **DENIED IN PART**.

2. Abdiwahab Ahmed Mohamud's Third Motion for Extension of Time to Make Defense Disclosures and Pretrial Motions, ECF No. 169, is **GRANTED IN PART** and **DENIED IN PART**.

3. Abdullahe Nur Jesow's Motion for Extension of Time to File Pretrial Motions and Disclosures, ECF No. 171, is **GRANTED IN PART** and **DENIED IN PART**.

4. As to Defendants Abdiwahab Ahmed Mohamud and Abdullahe Nur Jesow, an arraignment hearing will be held before the undersigned on **April 8, 2024, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

5. To the extent it has not done so already, the Government shall immediately begin to make all disclosures required by Federal Rule of Criminal Procedure 16(a) to be completed no later than January 6, 2023. *See* D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make, by January 6, 2023, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

6. Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to a defendant all exculpatory evidence—that is, evidence that favors a defendant or casts doubt on the Government's case—as required by *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

7. Defendants must make all disclosures required by Federal Rule of Criminal Procedure 16(b) as soon as practicable, to be completed no later than **February 12, 2024**. *See* D. Minn. LR 12.1(a)(2).

8. This Court previously issued an Order on Pretrial Disclosure & Preservation, ECF No. 80, which "proactively addresse[d] certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to introduce certain types of evidence, preservation of rough notes, and disclosure of evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authorities." ECF No. 80 at 3. "These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law." ECF No. 80 at 3. "To promote the efficient management of these related cases, the Court issue[d the Order on Pretrial Disclosure & Preservation] to preemptively address such matters without the need for each defendant to file multiple motions on these subjects." ECF No. 80 at 3. **Before filing any pretrial motions, a party shall consult the prior Order on Pretrial Disclosure & Preservation.**

9.  All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **February 12, 2024**.[2] *See* D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[3]

10.  **Counsel must electronically file a letter on or before February 12, 2024, if no motions will be filed and there is no need for hearing**.

11.  All responses to motions must be filed by **March 25, 2024**.  *See* D. Minn. LR 12.1(c)(2).

12.  Any Notice of Intent to Call Witnesses must be filed by **March 25, 2024**.  *See* D. Minn. LR. 12.1(c)(3)(A).

13.  Any Responsive Notice of Intent to Call Witnesses must be filed by **April 1, 2024**.  *See* D. Minn. LR 12.1(c)(3)(B).

14.  A motions hearing will be held pursuant to Federal Rule of Criminal Procedure 12(c) where:

   a.  The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

   b.  Oral argument is requested by either party in its motion, objection or response pleadings.

15.  If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **April 8, 2024, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United

---

[2] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party.  The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).
[3] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.  *See* D. Minn. LR 12.1(d).

16.  **TRIAL:**

a.  **IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:**

All voir dire questions, **motions for counsel to participate in voir dire**, and jury instructions must be submitted to District Judge Nancy E. Brasel on or before **March 25, 2024**.

This case must commence trial on **April 8, 2024, at 9:00 a.m.** before District Judge Nancy E. Brasel in Courtroom 13W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

b.  **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, including but not limited to motions for counsel to participate in voir dire, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

17.  The period of time from **the date of this Order through February 12, 2024**, shall be excluded from Speedy Trial Act computations in this case.  *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

18.   **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

19.   All prior consistent orders relating to the Indictment remain in full force and effect.

20.   Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: December __15__, 2023            　　　*s/ Tony N. Leung*　　　
　　　　　　　　　　　　　　　　　　　　　Tony N. Leung
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　District of Minnesota


　　　　　　　　　　　　　　　　　　　　　*United States v. Hassan et al.*
　　　　　　　　　　　　　　　　　　　　　Case No. 22-cr-224 (NEB/TNL)