UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Abdiwahab Ahmed Mohamud (3),<br>Guhaad Hashi Said (5), and<br>Abdullahe Nur Jesow (6),<br><br>　　　　Defendants. | Case No. 22-cr-224 (NEB/TNL)<br><br>**FOURTH AMENDED<br>ARRAIGNMENT NOTICE &<br>CASE MANAGEMENT ORDER** |

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

\*\*\*

This matter comes before the Court on Defendant Abdiwahab Ahmed Mohamud's Fourth Motion for Extension of Time to File Defense Disclosures and Motions,[1] ECF No. 193; Defendant Guhaad Hashi Said's motion to join Mohamud's motions, ECF No. 196,

---

[1] In full, Mohamud's motion is titled "Fourth Motion for Extension of Time, Motion for Early Expert Disclosure, and Motion for Other Discovery Relief." Mohamud filed two other motions, identical in title and substance, the same day. *See generally* ECF Nos. 194, 195. The Court considers only the request for an extension at this time. To the extent Mohamud requests early expert disclosure and other discovery relief, the Court views these requests to be the proper subjects of pretrial-motion practice and will address them in the ordinary course following any response from the Government and the hearing as set forth in the operative case management order. The Court will therefore leave Mohamud's second, ECF No. 194 ("Motion for Disclosure of Expert Witnesses"), and third, ECF No. 195 ("Motion for Discovery Relief"), motions pending as related to such requests. Said and Jesow have moved to join in these requests as well and the Court will permit them to do so in the interest of judicial efficiency.

1

*see supra* n.1; and Defendant Abdullahe Nur Jesow's motion to join Mohamud and Said's motions, ECF No. 197, *see supra* n.1.

This matter was previously designated complex under 18 U.S.C. § 3161(h)(7)(B)(ii). *See generally* ECF No. 69. A hearing was held on December 12, 2023, in connection with a prior defense extension request, following which the Court entered a Third Amended Arraignment Notice & Case Management Order. *See generally* ECF Nos. 168, 172, 169, 171, 185, 186. The Third Amended Arraignment Notice & Case Management Order was based on information available to the Court as of the hearing. The following day, December 13, 2023, the Government advised defense counsel that supplemental disclosures were available. ECF No. 193 at 3. These disclosures "contained more than 300,000 additional pages [of discovery], including a large number of additional bank records and emails, each of which requires a laborious process to review." ECF No. 193 at 3. In particular, the bank records "require[] defense counsel . . . to attempt to reconstruct the basis for the allegations contained in the [I]ndictment regarding payments purportedly made to Defendants by Feeding Our Future and/or other entities." ECF No. 193 at 4. Defendants request that the February 12, 2024 deadline for defense disclosures and pretrial motions be extended to March 18, 2024, with concomitant adjustments to the remaining deadlines. Defendants further note that, "[b]ased on ongoing discussions, the parties believe that settlement is possible within the time requested . . . ." ECF No. 193 at 4.

Mohamud's motion states that "[t]he Government does not object to the request for extension of time." ECF No. 193 at 4. In the Court's Third Amended Arraignment Notice

& Case Management Order, the Court stated that "any response to . . . a [party's] request [to modify the schedule] shall be filed within three days." ECF No. 186 at 8. Along with Mohamud's motion, Said and Jesow's motions were also filed on February 12, 2024. No response has been filed by the Government.

Bearing in mind the complexity of this case, the voluminous discovery, and the absence of any objection to the requested continuance, the Court finds pursuant to 18 U.S.C. § 3161(h) that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial and a continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Abdiwahab Ahmed Mohamud's Fourth Motion for Extension of Time to File Defense Disclosures and Motions, ECF No. 193, is **GRANTED**.

2. Guhaad Hashi Said's Motion to Join in Codefendant's Motion to Extend Deadlines, ECF No. 196, is **GRANTED**.

3. Abdullahe Nur Jesow's Motion to Join Codefendants' Motion[s] to Extend Deadlines, ECF No. 197, is **GRANTED**.

4. Abdiwahab Ahmed Mohamud's Motion for Disclosure of Expert Witnesses, ECF No. 194, and Motion for Discovery Relief, ECF No. 195, shall also apply to Guhaad Hashi Said and Abdullahe Nur Jesow.

5. As to Defendants Abdiwahab Ahmed Mohamud and Abdullahe Nur Jesow, an arraignment hearing will be held before the undersigned on **May 14, 2024, at 10:00**

**a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

6. To the extent it has not done so already, the Government shall immediately begin to make all disclosures required by Federal Rule of Criminal Procedure 16(a) to be completed no later than January 6, 2023. *See* D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make, by January 6, 2023, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

7. Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to a defendant all exculpatory evidence—that is, evidence that favors a defendant or casts doubt on the Government's case—as required by *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

8. Defendants must make all disclosures required by Federal Rule of Criminal Procedure 16(b) as soon as practicable, to be completed no later than **March 18, 2024**. *See* D. Minn. LR 12.1(a)(2).

9. This Court previously issued an Order on Pretrial Disclosure & Preservation, ECF No. 80, which "proactively addresse[d] certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to introduce certain types of evidence, preservation of rough notes, and disclosure of evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and related

authorities." ECF No. 80 at 3. "These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law." ECF No. 80 at 3. "To promote the efficient management of these related cases, the Court issue[d the Order on Pretrial Disclosure & Preservation] to preemptively address such matters without the need for each defendant to file multiple motions on these subjects." ECF No. 80 at 3. **Before filing any pretrial motions, a party shall consult the prior Order on Pretrial Disclosure & Preservation.**

10. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **March 18, 2024**.[2] *See* D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[3]

11. **Counsel must electronically file a letter on or before March 18, 2024, if no motions will be filed and there is no need for hearing**.

12. All responses to motions must be filed by **April 29, 2024**. *See* D. Minn. LR 12.1(c)(2).

13. Any Notice of Intent to Call Witnesses must be filed by **April 29, 2024**. *See* D. Minn. LR. 12.1(c)(3)(A).

14. Any Responsive Notice of Intent to Call Witnesses must be filed by **May 6, 2024**. *See* D. Minn. LR 12.1(c)(3)(B).

---

[2] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).
[3] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

15. A motions hearing will be held pursuant to Federal Rule of Criminal Procedure 12(c) where:

    a. The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

16. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **May 14, 2024, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. *See* D. Minn. LR 12.1(d).

17. **TRIAL: The trial date, and other related dates, including but not limited to motions for counsel to participate in voir dire, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

18. The period of time from **the date of this Order through March 18, 2024**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

19. **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

20. All prior consistent orders relating to the Indictment remain in full force and effect.

21. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: February  20 , 2024  　　　　　　　　　　　　_s/ Tony N. Leung_
　　　　　　　　　　　　　　　　　　　　　　　　Tony N. Leung
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　　District of Minnesota

　　　　　　　　　　　　　　　　　　　　　　　　*United States v. Hassan et al.*
　　　　　　　　　　　　　　　　　　　　　　　　Case No. 22-cr-224 (NEB/TNL)