UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-224 (NEB/TNL) |
| Plaintiff, | |
| v. | **FIFTH AMENDED ARRAIGNMENT NOTICE & CASE MANAGEMENT ORDER** |
| Abdiwahab Ahmed Mohamud (3), Guhaad Hashi Said (5), and Abdullahe Nur Jesow (6), | |
| Defendants. | |

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

***

This matter comes before the Court on Defendant Abdiwahab Ahmed Mohamud's Fifth Motion for Extension of Time, ECF No. 206, and Defendant Guhaad Hashi Said's request to join that motion, Motion to Join Codefendant's Motion to Extend Deadlines, ECF No. 207.[1] The Court ordered the Government to respond and, ultimately, took these motions under advisement on the papers.[2] *See generally* ECF Nos. 208, 214.

---

[1] The deadline for pretrial motions was March 18, 2024. ECF No. 201 at 5. Mohamud and Said's motions were filed on April 8 and 9, 2024, respectively. *See generally* ECF Nos. 206, 207. Counsel for Mohamud states that, "[d]ue to a clerical error," the extension request was not timely filed and counsel "takes full responsibility for the error and the untimeliness of this request." ECF No. 206 at 2. The Government has not objected to the timeliness of these motions. *See generally* ECF No. 210.

[2] In the Court's Fourth Amended Arraignment Notice & Case Management Order, the Court stated that "any response to . . . a [party's] request [to modify the schedule] shall be filed within three days." ECF No. 201 at 6. As noted above, *see supra* n.1, Mohamud and Said's motions were filed on April 8 and 9, 2024, respectively. No response has been filed by Defendant Abdullahe Nur Jesow.

1

Mohamud and Said seek an indefinite extension for defense disclosures and the filing of pretrial motions "pending commitment from the Government regarding the timing of any further disclosures." ECF No. 206 at 1; *see* ECF No. 207 at 1. Acknowledging there have been additional productions beyond its initial disclosures, the Government states that "[t]he vast majority of documents and materials relating to the defendant [sic], particularly discovery that might be subject to pre-trial motions (such as materials recovered during a search), have been produced to defendant [sic] for well over a year." ECF No. 210 at 2. The Government "does not oppose a reasonable extension" for the filing of pretrial motions, but objects to the requested indefinite extension. ECF No. 210 at 1.

Approximately four months ago, the Court expressed its concerns over the progression of this case. ECF No. 186 at 2. At that time, the Court was concerned that the extension then requested appeared to be driven in part by the Government's preference as to which order it would like to try this and the related cases. *See* ECF No. 169 at 2. This time, the Court has concerns that the latest requested extension may in part be driven by a perceived absence of urgency, resulting in delay for the sake of delay.

This case has now spent close to a year and a half in discovery. The Court understands that this case and cases related to it were designated as complex and that discovery has been voluminous. *See generally* ECF No. 69. It is worth nothing that the Court already granted Defendants an additional 30-day extension since the parties were previously before the Court and before this latest extension request was filed. *See generally* ECF No. 201.

Mohamud asserts that, in mid-February 2024, he "requested that the Government disclose recordings of statements made by two-codefendants and all materials related to a statement by another co-defendant" and that he has not received a response "to these disclosure requests." ECF No. 206 at 2. In its response, the Government states generally that it "has fully complied with its discovery obligations, including its Rule 16 disclosures," ECF No. 210 at 1, but did not specifically address the issue of the discovery requested by Mohamud back in February. **To the extent it has not done so already, the Government shall, within seven days from the date of this Order, respond to Mohamud regarding the requested discovery.**

Mohamud and Said complain that the Government made supplemental disclosures in May 2023, December 2023, and, most recently, March 2024, yet "has *never* sought an extension" of its January 2023 disclosure deadline. ECF No. 206 at 1; *see, e.g.*, ECF No. 201 at 1. The Government has an ongoing duty to supplement its prior production. *See, e.g.*, Fed. R. Crim. P. 16(c); *see also* ECF No. 210 at 1-2 ("These new productions consist of documents and materials that have come into the [G]overnment[']s possession or were created since the initial Rule 16 disclosure deadline, and could not have been included in the initial production . . . ."). To the extent a defendant believes the Government has not timely disclosed certain evidence, it would seem that the proper recourse would be to seek a particularized remedy with respect to that evidence, not request an indefinite extension. Similarly, were the Government to make additional disclosures after the deadline for filing pretrial motions, the timing of that disclosure would appear to be a sound and reasonable basis for a defendant to file a pretrial motion related to that disclosure out of time.

Mohamud and Said additionally state that "[t]he Court has not yet addressed the relief requested" in the Motion for Disclosure of Expert Witnesses, ECF No. 194, and Motion for Discovery Relief, ECF No. 195, asserting "the results of which might be helpful in limiting and focusing any pretrial motions." ECF No. 206 at 2-3. These motions, filed by Mohamud and joined by Said and Jesow, "request that the Court adopt and apply to this case the early expert disclosure and other discovery relief . . . ordered in the related case" of *United States v. Farah et al.*, No. 22-cr-124 (NEB/TNL). ECF No. 194 at 1; *accord* ECF No. 195 at 1; *see* ECF No. 201 at 1 n.1 (discussing treatment of identically filed motions). The Court previously made clear that it "view[ed] these requests to be the proper subjects of pretrial-motion practice and w[ould] address them in the ordinary course following any response from the Government and the hearing as set forth in the operative case management order." ECF No. 201 at 1 n.1. Indeed, this is the same manner in which such requests were addressed in *Farah*. *See generally United States v. Farah*, No. 22-cr-124 (NEB/TNL), 2023 WL 8757097 (D. Minn. Dec. 19, 2023). Moreover, the earlier expert disclosures and discovery relief ordered in *Farah* that Defendants request be applied to this case were both in the context of *trial preparation*, not the filing of pretrial motions. *Id.* at *1-7.

Again, the Court has serious concerns about the progression of this case and the need to move forward. The Court will, however, grant Mohamud and Said's motions in part and provide a modest extension of the deadlines for defense disclosures and the filing of pretrial motions with concomitant adjustments to the remaining deadlines in light of the

Government's March 2024 supplementation. The parties are cautioned that future extension requests will not be lightly entertained.

Bearing in mind the complexity of this case, the voluminous discovery, and the absence of an objection to a "reasonable extension," the Court finds pursuant to 18 U.S.C. § 3161(h) that the ends of justice served by granting a modest continuance outweigh the best interests of the public and Defendants in a speedy trial and a continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Mohamud's Fifth Motion for Extension of Time, ECF No. 206, is **GRANTED IN PART** and **DENIED IN PART**.

2. Said's Motion to Join Codefendant's Motion to Extend Deadlines, ECF No. 207, is **GRANTED IN PART** and **DENIED IN PART**.

3. **To the extent it has not done so already, the Government shall, within seven days from the date of this Order, respond to Mohamud regarding the requested discovery.**

4. As to Mohamud and Jesow, an arraignment hearing will be held before the undersigned on **August 20, 2024, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

5. To the extent it has not done so already, the Government shall immediately begin to make all disclosures required by Federal Rule of Criminal Procedure 16(a) to be completed no later than January 6, 2023. *See* D. Minn. LR 12.1(a)(1). In order to avoid

the need for a recess of the motions hearing, the Government is requested to make, by January 6, 2023, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

6. Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to a defendant all exculpatory evidence—that is, evidence that favors a defendant or casts doubt on the Government's case—as required by *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

7. Defendants must make all disclosures required by Federal Rule of Criminal Procedure 16(b) as soon as practicable, to be completed no later than **June 21, 2024**. *See* D. Minn. LR 12.1(a)(2).

8. This Court previously issued an Order on Pretrial Disclosure & Preservation, ECF No. 80, which "proactively addresse[d] certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to introduce certain types of evidence, preservation of rough notes, and disclosure of evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authorities." ECF No. 80 at 3. "These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law." ECF No. 80 at 3. "To promote the efficient management of these related cases, the Court issue[d the Order on Pretrial Disclosure & Preservation] to preemptively address such matters without the need for each defendant to file multiple motions on these subjects."

ECF No. 80 at 3.  **Before filing any pretrial motions, a party shall consult the prior Order on Pretrial Disclosure & Preservation.**

9. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **June 21, 2024**.[3] *See* D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[4]

10. **Counsel must electronically file a letter on or before June 21, 2024, if no motions will be filed and there is no need for hearing**.

11. All responses to motions must be filed by **August 2, 2024**.  *See* D. Minn. LR 12.1(c)(2).

12. Any Notice of Intent to Call Witnesses must be filed by **August 2, 2024**.  *See* D. Minn. LR. 12.1(c)(3)(A).

13. Any Responsive Notice of Intent to Call Witnesses must be filed by **August 9, 2024**.  *See* D. Minn. LR 12.1(c)(3)(B).

14. A motions hearing will be held pursuant to Federal Rule of Criminal Procedure 12(c) where:

    a. The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

---

[3] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party.  The parties must attempt in good faith to clarify and narrow the issues in dispute."  D. Minn. LR 12.1(b).
[4] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

15. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **August 20, 2024, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. *See* D. Minn. LR 12.1(d).

16. **TRIAL: The trial date, and other related dates, including but not limited to motions for counsel to participate in voir dire, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

17. The period of time from **the date of this Order through June 21, 2024**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

18. **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

19. All prior consistent orders relating to the Indictment remain in full force and effect.

[Continued on next page.]

20. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: May  6 , 2024                                  *s/ Tony N. Leung*
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota


                                                      *United States v. Hassan et al.*
                                                      Case No. 22-cr-224 (NEB/TNL)