UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-224(3) (NEB/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **GOVERNMENT'S MOTION TO** |
| | ) | **REVOKE PRETRIAL RELEASE** |
| ABDIWAHAB AHMED MOHAMUD, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Daniel W. Bobier and Melinda A. Williams, Assistant United States Attorneys, respectfully hereby moves the Court to revoke the defendant's pretrial release.

Earlier today, the government learned that Abdiwahab Mohamud intentionally violated the conditions of his pretrial release by engaging in witness tampering and obstruction of justice. Given the highly concerning nature of this discovery and that Mohamud's trial begins a mere two weeks away, the government respectfully requests that the Court revoke Mohamud's pretrial release and detain him pending trial.

## **BACKGROUND**

On September 13, 2022, a grand jury returned a 22-count indictment charging Abdiwahab Mohamud and seven other defendants with orchestrating and carrying out a scheme that defrauded the Federal Child Nutrition Program, a government aid program designed to provide free meals to children in need. Mohamud and his

conspirators exploited the Covid-19 pandemic to obtain, misappropriate, and launder tens of millions of dollars in program funds that were intended as reimbursements for the cost of serving meals and food to children. In all, the conspirators claimed to be entitled to more than $20 million in Federal Child Nutrition Program funds. And they fraudulently misappropriated more than $17.4 million of that sum.

Each of Mohamud's seven co-defendants has pleaded guilty. Only Mohamud remains, and his case is set for trial in two weeks. He faces seven counts, which include charges of wire fraud, money laundering, and conspiracy.

On September 20, 2022, following his indictment, Mohamud made his initial appearance in the case. Dkt. 44. The Court ordered him released subject to certain conditions, including that he not violate any federal law while on release and that he avoid all contact with any person who may be a witness in the case. That limitation expressly prohibited Mohamud from having contact with co-defendants and co-conspirators in his case. *Id.* at 1, 2.

> ☒    (g)    avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:
> co-defendants/co-conspirators under this and all related cases.

In preparation for trial, the government has been meeting with potential witnesses. The government met with multiple such witnesses today. One of those people, Conspirator A, is also a defendant in the Feeding Our Future scheme and is a charged conspirator of Mohamud. During that meeting, Conspirator A explained that Mohamud had attempted to prevent them from testifying at his upcoming trial.

Specifically, Cooperator A told the government's counsel and investigators two key things.

The first is that, in contravention of the Court's ordered conditions of pretrial release, Mohamud has spoken with Conspirator A on at least two occasions. The second, and more concerning thing Conspirator A told the government today, is that during Mohamud's unlawful contacts, he pressured and ultimately exhorted Conspirator A to promise him that Conspirator A would not testify against him in this upcoming criminal trial.

Conspirator A explained that both of these meetings took place in person and that both occurred after Conspirator A and Mohamud had been charged in the Feeding Our Future scheme. (That is, these conversations occurred when Mohamud was on conditional pretrial release.)

At these meetings, as Conspirator A described it, Mohamud criticized Conspirator A for having taken a plea deal in their own Feeding Our Future prosecution. He told Conspirator A that Conspirator A is not a good person and that they made a bad choice. Mohamud cursed and expressed anger at Conspirator A for agreeing to plead guilty. Mohamud called Conspirator A "a snitch." He accused Conspirator A of betraying him. When Mohamud told Conspirator A that this was Conspirator A's fault, Conspirator A responded to him by saying something like, "you didn't start it, but you're in it." Mohamud replied by denying he was in it and telling Conspirator A that he, Mohamud, had a family.

Conspirator A told investigators that as the conversation ended, Mohamud made Cooperator A promise not to testify against Mohamud at trial. Conspirator A agreed.

Today, Conspirator A told government attorneys and agents that Conspirator A did not want to testify against Mohamud and that one reason for Cooperator A's hesitation was that Mohamud had confronted Cooperator A and made Cooperator A promise not to.

This is witness tampering. Mohamud's actions are not merely violative of his release conditions, they are criminal. His attempts at tampering with a possibly key witness in his forthcoming trial corrupts these proceedings and violates federal law. 18 U.S.C. § 1503 (criminalizing obstruction of justice). The Court should revoke his pretrial release and detain him pending trial.

## **ARGUMENT**

A person released pursuant to 18 U.S.C. § 3142 is subject to revocation upon violating conditions of release.  18 U.S.C. § 3148.  Pursuant to that statute, the Court "shall revoke and detain a defendant" if, after a hearing, the Court:

(1) finds that there is—

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that

4

the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

Those conditions are met here.

First, there is probable cause to believe that Mohamud committed the federal crime of obstruction of justice by pressuring a witness not to testify against him at trial. There is also clear and convincing evidence that Mohamud violated his release condition that he avoid contact with his co-conspirators and co-defendants.

Second, Mohamud's conduct makes clear that there is no condition or combination of conditions that will assure he will not pose a danger, including the danger of obstruction of justice, to the community. Nor can any combination of conditions assure that Mohamud will abide by conditions going forward. His conduct constitutes an assault on the integrity of these proceedings. *See United States v. Manafort*, 897 F.3d 340, 490-492 (D.C. Cir. 2018) (affirming revocation of defendant and remarking his attempted witness tampering poses a danger to community because it represents "a corrupt attempt to undermine the integrity and truth of the fact-finding process upon which our system of justice depends"). Of course, both the risk of harm and the brazenness of his conduct is amplified by the backdrop against which he acted.

Defendants in this scheme have repeatedly tried to corrupt the just administration of their cases. Those efforts have been widely publicized. At the close

of the first trial in this broader scheme, several defendants attempted to bribe a sitting juror with a $120,000 cash payment in exchange for a not guilty vote. Then, in the midst of the second trial, a charged co-conspirator attempted, mere steps outside the ongoing proceedings in this Court, to interfere with a witness scheduled to provide testimony in that case. Fortunately, the government detected each of those attempts at obstruction. In each instance, the government sought detention for the respective offenders. In each instance, detention was granted.

As in those earlier episodes, Mohamud here tried to obstruct justice by impeding a fair and orderly trial. It cannot be tolerated. Defendants across the country are routinely revoked when they try to so obstruct. *Cf., e.g.*, *United States v. Menendez*, 837 Fed. App'x 636, 638 (10th Cir. 2020) (affirming revocation where defendant asked potential witness against him not to press new charges because defendant was on probation and had a family); *United States v. De Castro-Font*, 587 F. Supp. 2d 364, 369 (D. Puerto Rico 2008) (defendant revoked even absent evidence that he tampered with witnesses where he repeatedly contacted victims or witnesses despite no-contact condition). The government submits the Court has been right before to exercise zero tolerance for attempted obstruction. It should do the same here.

## **<u>CONCLUSION</u>**

Mohamud's attempted witness tampering makes it clear that he is unlikely to abide by the conditions of his release. His pretrial release should be revoked.

Dated: October 1, 2025         Respectfully submitted,

                             JOSEPH H. THOMPSON
                             Acting United States Attorney

                             */s/ Melinda A. Williams*

        BY:   DANIEL W. BOBIER
                  MELINDA A. WILLIAMS
                  Assistant United States Attorneys